IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH A. SMITH,

    Plaintiff,                       No. CIV S-09-1343 EFB P

    vs.

ASSISTANCE DIRECTOR             <u>ORDER</u>
SACRAMENTO, et al.,

    Defendants.
_____/

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. His declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

    This court must examine the complaint in "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the court must identify cognizable claims or dismiss the complaint, or any portion of it, if it is frivolous, malicious, fails to state a claim upon which relief may be

1

granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The complaint in this action is so prolix and obscure that the court cannot reasonably discharge its responsibility under § 1915A until plaintiff complies with the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. This rule requires the pleader to set forth his averments in a simple, concise, and direct manner. The degree of simplicity and conciseness required depends on the subject matter of the litigation, the nature of the claims or defenses presented and the number of parties involved. Wright & Miller, *Federal Practice & Procedure*, vol. 5 § 1281 & n. 12 (1990) (explaining that an antitrust or copyright pleading due to its complexity, must be pleaded with more detail than a simple negligence complaint).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). To state a claim against any individual defendant, the plaintiff must allege facts showing that the individual defendant participated in or directed the alleged violation, or knew of the violation and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."); *Taylor*, 880 F.2d at 1045.

State agencies, such as the California Department of Corrections and Rehabilitation, are not "persons" within the meaning of section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969). Further, they are entitled to absolute immunity from monetary damages actions under the Eleventh Amendment. *Quern v. Jordan*, 440 U.S. 332, 337-45 (1979); *see also Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities.").

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). To state a claim under § 1983 alleging violations of the equal protection clause, plaintiff must allege facts showing that he is a member of a protected class. *See Harris v.*

3

1  *McRae*, 448 U.S. 297, 323 (1980) (indigents); *see also City of Cleburne*, 473 U.S. at 440-41

2  (listing suspect classes).  Plaintiff must also plead facts to demonstrate that defendants acted with

3  an intent or purpose to discriminate against him based upon his membership in a protected class.

4  *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154

5  (1999).  Alternatively, plaintiff may allege facts showing that he has been intentionally treated

6  differently from others similarly situated without a rational basis for the difference in treatment.

7  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Squaw Valley Development Co. v.*

8  *Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004).

9  　　　　Before undertaking to determine whether the complaint may have merit, the court may

10 insist upon compliance with its rules.  *See McNeil v. United States*, 508 U.S. 106, 113  (1993)

11 (federal rules apply to all litigants, including prisoners lacking access to counsel); *see also,*

12 *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (encouraging "firm application" of federal

13 rules in prisoner cases).

14 　　　　Plaintiff's complaint violates Rule 8(a) of the Federal Rules of Civil Procedure.

15 　　　　In reviewing plaintiff's complaint, the court is required to guess who is being sued for

16 what.  If the pleading were served in its present form it would not give defendants fair notice of

17 the claims against them and their best guess about the nature of plaintiff's complaint may be

18 quite different than the court's.  *See McHenry v. Renne*, 84 F.3d 1172, 1170-78 (9th Cir. 1996)

19 (court should be able to read the complaint in minutes, not hours, and may consider the rights of

20 defendants to be free from costly and harassing litigation and other litigants waiting their turns to

21 have other matters resolved); *see also, Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671,

22 674-75 (9th Cir. 1971); *Von Poppenheim v. Portland Boxing & Wrestling Commission*, 442 F.2d

23 1047, 1049-50 (9th Cir. 1971).

24 　　　　Plaintiff need not identify the law that makes the alleged conduct wrong.   He may use

25 his own language to state, simply and directly, the wrong that has been committed and clearly

26 explain how each state actor identified as a defendant was involved and what relief plaintiff

requests of each defendant.  *Jones v. Community Redevelopment Agency of the City of Los Angeles*, 733 F.2d 646 (9th Cir. 1984);  *Johnson v. Duffy*, 588 F.2d 740 (9th Cir. 1978).

Accordingly, if plaintiff wishes to continue this litigation he must file an amended complaint.

Plaintiff's amended complaint must adhere to the following requirements:

A complaint must contain a caption including the name of the court and the names of all parties.  Fed. R. Civ. P. 10(a).

Each claim founded upon a separate transaction or occurrence must be set apart as a "separate count."  Within each count, the circumstances that give rise to the claim must be alleged in separate, numbered paragraphs.  Fed. R. Civ. P. 10(b).

Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).

Unrelated claims against different defendants must be pursued in multiple lawsuits.  "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

These allegations must be short and plain, simple and direct and describe the relief plaintiff seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002);

1  *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).

2  Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).

3  The amended complaint must be complete in itself without reference to plaintiff's original complaint.  Local Rule 220.

5  A prisoner pursuing civil rights claims without counsel, like all other litigants, is required to obey the court's orders, including an order to amend his pleading.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). His failure to obey the court's orders and the local and federal rules and meet his responsibilities in prosecuting this action may justify dismissal, including dismissal with prejudice.  *Ferdik*, 963 F.2d at 1262-63 (affirming dismissal with prejudice for pro se prisoner's failure to comply with order requiring filing of amended civil rights complaint); *Pagtalunan*, 291 F.3d at 642 (affirming dismissal with prejudice for pro se prisoner's failure to comply with order requiring filing of amended habeas petition); *Moore v. United States*, 193 F.R.D. 647, 653 (N.D. Cal. 2000) (denying motion for leave to file third amended complaint and dismissing action with prejudice for pro se plaintiff's failure to comply with Rule 8); *Franklin v. Murphy*, 745 F.2d 1221, 1232-33 (9th Cir. 1984) (affirming dismissal with prejudice for pro se prisoner's failure to prosecute); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal without prejudice for pro se prisoner's failure to comply with local rule requiring he notify the court of any change of address).

20  Accordingly, it is hereby ORDERED that:

21  1. Plaintiff's request to proceed *in forma pauperis* is granted.

22  2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

25  3. Plaintiff's complaint is dismissed with leave to amend within 60 days.  Plaintiff shall file an original and one copy of the amended complaint, which must bear the docket number

6

assigned to this case and be titled "First Amended Complaint." Failure to comply with this order may result in dismissal and, if warranted, that dismissal will be with prejudice.

    4. Plaintiff's May 28, 2009 motion to amend the caption is denied as moot.

Dated: January 28, 2010.

*[signature]*

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE